**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JACQUE L. KOONCE, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARMED FORCES INSURANCE COMPANY, ) <br> a foreign insurance corporation, ) <br> ) <br> Defendant. ) | Case No. 10-cv-468-GKF-TLW |

## OPINION AND ORDER

This matter comes before the court on Plaintiff's Motion to Remand [Dkt.# 10]. Plaintiff contends that the defendant's notice of removal was not filed within thirty days of either (a) service of the original petition; or (b) receipt of the amended petition or other paper from which it could first be ascertained that the case was one which was or had become removable.

On August 10, 2009, plaintiff Jacque L. Koonce ("Koonce") filed his original Petition in the District Court in and for Tulsa County, Oklahoma. On September 23, 2009, defendant Armed Forces Insurance Company ("AFI") moved to dismiss Koonce's separate "cause of action" for punitive damages. The state court granted the motion and directed Koonce to file an amended petition. Koonce filed his First Amended Petition on November 30, 2009. Defendant Armed Forces Insurance Company removed the action to federal court on July 21, 2010.

The removal of a proceeding to federal court must occur within 30 days of receipt of the civil action or within 30 days after receipt of the first pleading or paper from which it can be determined that the action is removable. Federal law provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

The issue presented is – when could it first have been ascertained that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ." 28 U.S.C. § 1332(a)? Koonce argues that the case was removable in September of 2009, because he alleged in his original Petition

> That on or about the 29th day of July, 2005, a burglary occurred in the residence insured by AFIE and owned by Koonce so as to cause direct physical force to the residence and the theft disappearance of personal items, all valued in an unspecified amount in excess of One Hundred Sixty Thousand Dollars ($160,000);
>
> . . .
>
> That AFIE . . . has failed to . . . make payment upon and pay pursuant to the provisions of the policy of insurance . . .[and] [t]hat AFIE is in breach of its contract on [sic] insurance to Koonce for said payment;

AFI contends it was not clear whether Koonce was, in fact, seeking $160,000 in damages in the action and that neither the original petition nor the first amended petition sought damages in excess of $75,000.[1]

---

[1] At the time Koonce filed his original Petition, Oklahoma law provided that "[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000.00) shall, without demanding any specific amounuty of money, set forth only that the amount sought as damages is in excess of Ten Thousand Dollars ($10,000.00), except in actions sounding in contract." 12 O.S. § 2008(A)(2) (subsequently amended, effective Nov. 1, 2009). Koonce's first cause of action was for breach of insurance contract, so the statutory pleading limitation did not apply.

AFI admits in its Notice of Removal that Koonce submitted, and AFI received, insurance claim documentation prior to the lawsuit in which he sought payment of $64,255.00 under the terms of the insurance contract. Of that amount, Koonce sought payment for items of personal property at the coverage limit of $61,250.00. *See* Notice of Removal, Document 2-3, pp. 13-14 (summary of claim); Document 2-4, pg. 15 (Declarations Sheet). The claim recognized the limitation on personal property coverage to $1,500 for loss by theft of jewelry, and the limitation on claims for loss of money. AFI further admits that Koonce's First Amended Petition makes clear that Koonce is seeking actual damages in an amount of at least $20,000 for his bad faith claim and at least $10,000 in punitive damages for his bad faith claim. See Dkt. # 2, pp. 6-7. Koonce's attorney mailed opposing counsel a copy of the First Amended Petition on December 1, 2009. Therefore, by at least December 4, 2009, AFI had received a copy of an amended petition or other paper from which it could be ascertained that the case was one which was or had become removable.

Premises considered, this Court concludes that defendant's Notice of Removal on July 21, 2010 was not filed as required by 28 U.S.C. § 1446(b) within thirty days of either (a) service of the original petition; or (b) receipt of the amended petition or other paper from which it could first be ascertained that the case was one which was or had become removable.

WHEREFORE, Plaintiff's Motion to Remand [Dkt. # 10] is granted. The Court Clerk is hereby directed to remand this action to the District Court in and for Tulsa County, Oklahoma.

IT IS SO ORDERED this 4th day of October 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma